UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ALEJANDRO INERARITI MUSTELIER,

Petitioner,

v. Case No.: 2:26-cv-02848-SPC-NPM

WARDEN OF GLADES COUNTY DETENTION CENTER *et al*,

Respondents.

/

**OPINION AND ORDER**

Before the Court are petitioner Alejandro Inerariti Mustelier's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 5).

Inerariti Mustelier is a native of Cuba who was paroled into the United States in 2024. He was ordered removed in absentia on March 23, 2026, and the removal order is considered administratively final. *See* 8 C.F.R. § 1241.1(e). However, removal is currently stayed because Inerariti Mustelier timely filed a petition to rescind the removal order and reopen his case. On August 15, 2026, local police arrested Inerariti Mustelier for battery—the charge was later dropped. Immigration and Customs Enforcement issued an immigration detainer and took custody of Inerariti Mustelier on September 3, 2026.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

Here, Inerariti Mustelier does not argue the government cannot remove him in the reasonably foreseeable future. The only current hurdle reflected in the record is the stay caused by Inerariti Musterlier's motion to rescind the removal order. Thus, Inerrariti Mustelier fails to carry his burden of proof under the *Zadvydas* framework.

Accordingly, it is hereby

**ORDERED:**

Alejandro Inerariti Mustelier's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on November 4, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record